**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF NORTH CAROLINA – ASHEVILLE DIVISION**

**Meredith-Ann Yates** and **Kevin-Wayne Vanover**, Plaintiffs,
v.
**Dustin Smith, et al.**, Defendants.

Case No. 1:25-cv-00339-MR-WCM

# PLAINTIFFS' NOTICE AND MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs Meredith-Ann Yates and Kevin-Wayne Vanover, appearing *pro se*, move under Federal Rule of Civil Procedure 65 and Local Civil Rule 7.1 for a **Preliminary Injunction** to preserve the real property located at **301 Sunny Lane / 37 Shady Creek Ridge, Marble, North Carolina 28905** (the "Property"). Plaintiffs seek to prevent Defendants **Betty Webb** and **Jennifer Vanover** from selling, transferring, leasing, mortgaging, or otherwise encumbering any interest in that Property while this action is pending.

## I. Grounds for the Motion

1. Plaintiff Yates lawfully purchased the Property in 2015 by recorded warranty deed (Book 1511, pp. 235–237).

2. While incarcerated, Yates was induced by Defendants Webb and Jennifer Vanover to sign an August 2019 deed reciting only $10 consideration, procured through false statements and duress, and without authority under the Power of Attorney.

3. On July 31, 2023, Defendant Webb testified under oath that she would return the Property to Plaintiffs; Defendant Jennifer Vanover later confirmed that intention by text message.

4. In 2025, Webb listed the Property for approximately $450,000, placing Plaintiffs' equitable ownership and their home at immediate risk of irreparable loss.

## II. Legal Standard

Under *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008), a preliminary injunction is warranted when a movant shows (1) a likelihood of success on the merits, (2) irreparable harm absent relief, (3) a balance of equities favoring the movant, and (4) that the relief serves the public interest.

## III. Argument

**A. Likelihood of Success.** The 2019 transfer was procured through fraud and duress without consideration or authority, constituting a fraudulent conveyance under N.C. Gen. Stat. § 39-23.4 and violating due process.

**B. Irreparable Harm.** Sale to a bona fide purchaser would extinguish Plaintiffs' equitable interest and render any monetary judgment inadequate.

**C. Balance of Equities.** Plaintiffs rebuilt the home and invested over $140,000 in labor and materials; Defendants suffer no harm by maintaining the status quo.

**D. Public Interest.** Preventing fraudulent alienation of property serves the public interest in preserving clear title and judicial integrity.

## IV. Requested Relief

Plaintiffs respectfully request that the Court:

1. Issue a Preliminary Injunction enjoining Defendants Betty Webb and Jennifer Vanover, and any person acting in concert with them, from selling, transferring, leasing, mortgaging, encumbering, or otherwise disposing of any interest in the Property until final judgment;

2. Direct the Cherokee County Register of Deeds to record notice of this Order; and

3. Grant such other and further relief as the Court deems just and proper.

## V. Service Status

Defendants have not yet been served because summons have not been issued. Plaintiffs will serve this Motion and any resulting Order promptly after issuance of summons and file proof of service under Rule 4(l).

---

Respectfully submitted this 5 day of November 2025.

**AI Use Certification (Standing Order 3:24-mc-00045)**

This document was prepared with the assistance of OpenAI's ChatGPT (GPT-5) for drafting and formatting support. Plaintiffs have personally reviewed and verified all content for accuracy, factual integrity, and compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

/s/ Meredith-Ann Yates
**Meredith-Ann Yates**
PO Box 528
Marble, NC 28905
Pro Se Plaintiffs

/s/ Kevin-Wayne Vanover
**Kevin-Wayne Vanover**